UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JACQUES SAADE, * <br> * <br> Plaintiff, * <br> * <br> v. * <br> * <br> WILMINGTON TRUST, NATIONAL * <br> ASSOCIATION, as Trustee of MFRA TRUST * <br> 2014-2, FAY SERVICING LLC, PNMAC * <br> MORTGAGE CO., LLC, CHRISTIANA TRUST, * <br> DOES, * <br> * <br> Defendants. * <br> * | Civil Action No. 18-cv-11534-IT |
| JACQUES SAADE, * <br> * <br> Plaintiff, * <br> * <br> v. * <br> * <br> FAY SERVICING, LLC, WILMINGTON TRUST, * <br> NATIONAL ASSOCIATION, as Trustee of * <br> MFRA Trust 2014-2, PNMAC MORTGAGE CO., * <br> LLC, CHRISTIANA TRUST, DOES, * <br> * <br> Defendants. * | Civil Action No. 18-cv-11873-IT |

MEMORANDUM & ORDER

TALWANI, D.J.

For the reasons that follow, the court resolves a series of related motions in Civil Action No. 18-cv-11534 and Civil Action No. 18-cv-11873 by denying Plaintiff Jacques Saade's <u>Motion for Leave to Dismiss</u> his federal cause of action (filed as dockets [#14], [#15], in Civil Action 18-cv-11534) and his Motions to Remand (filed as dockets [#16], [#27], [#42] and [#45] in the

same action) and granting Defendants Wilmington Trust, National Association, as Trustee of MFRA Trust 2014-2 and Fay Servicing LLC's Motion to Consolidate (filed as docket [#6] in Civil Action 18-cv-11873).

Background

On July 23, 2018, Defendants Wilmington Trust, National Association, as Trustee of MFRA Trust 2014-2, and Fay Servicing LLC removed to federal court a state court action against them, PNMAC Mortgage Co., LLC, and Christiana Trust. The Notice of Removal asserted several grounds for removal, including that the Amended Complaint in that action included a federal claim under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605(b)(2)(A). Civil Action 18-cv-11534, Notice of Removal ¶ 22 [#1] (citing Compl. Count Six, ¶¶ 156-162 [#1-1]).

Plaintiff promptly filed an Emergency Motion to Remand [#5]. The court denied the motion, based on the court's federal question and supplemental jurisdiction. Civil Action 18-cv-11534, Mem. & Order [#12] at 2-3, citing 28 U.S.C § 1331; 28 U.S.C §§ 1367(a); Negron-Fuentes v. UPS Supply Chain Solutions, 532 F.3d 1, 7 (1st Cir. 2008).[1]

Plaintiff immediately sought leave to dismiss his RESPA claim, and renewed his motion to remand. Civil Action 18-cv-11534, Motion for Leave to Dismiss RESPA Claim, Count 6 [#14], Motion for Leave to Dismiss RESPA Claim, Count 6 [#15]; Revised and Renewed Motion

---

[1] Defendants asserted further that diversity jurisdiction also exists, stating that the amount in controversy exceeds $75,000 and that Defendants' citizenship is diverse from that of Plaintiff. See Notice of Removal at 4-6 [#1]. Defendants represent their citizenship based on their principal places of business. Id. at 4. However, "[t]he citizenship of an unincorporated entity, such as a partnership, is determined by the citizenship of all of its members." Pramco LLC ex. rel. CFSC Consortium, LLC v. San Juan Bay Marina, Inc., 435 F.3d 51, 54 (1st Cir. 2006). The record before the court in this case does not include this information, and the court did not reach the question of whether diversity jurisdiction exists. Mem & Order [#12], at 2, n.2.

to Remand [#16].

Sixteen days later, while those motions were pending, Plaintiff file a new action against the same four defendants asserting RESPA and other claims. Civil Action 18-cv-11873, Complaint [#1]. Defendant has moved to consolidate the two actions. Civil Action 18-cv-11873, Motion to Consolidate [#6]. Plaintiff has opposed the motion to consolidate, and has renewed the Motion to Remand the first action. Civil Action 18-cv-11534, Pl. Opp. and Renewed Motion [#27], Pl. Renewed Motion to Remand [#42], Pl. Emergency Motion to Remand [#45]; Civil Action 18-cv-11873, Pl. Opp. and Renewed Motion [#7].

Discussion

Plaintiff's stated basis for requesting leave to dismiss Count 6 of the Amended Complaint is so that he may proceed in state court. Civil Action 18-cv-11534, Motion for Leave to Dismiss RESPA Claim, Count 6 [#14] at 2; Motion for Leave to Dismiss RESPA Claim, Count 6 [#15] at 1. If Plaintiff was truly dropping this claim, the court would still need to determine whether subject matter jurisdiction remains, as the removing Defendants contend, based on diversity of citizenship, before remanding the action. The court need not reach this issue, however, as Plaintiff has made clear by filing a new action that he has no intention of dropping the federal claim at all, but is only seeking to split the claims between the two actions. Accordingly, the court finds no grounds to allow Plaintiff's <u>Motion for Leave to Dismiss RESPA Claim, Count 6</u> [#14] and <u>Motion for Leave to Dismiss RESPA Claim, Count 6</u> [#15], and these motions are DENIED. Plaintiff's motion to remand filed with these two motions rests on the premise that the RESPA Claim has or will be dismissed. Civil Action 18-cv-11534, Revised and Renewed Motion [#16], at 1. Since the motions for leave to dismiss the RESPA claim are denied, this motion to remand is also DENIED.

Plaintiff has filed a number of additional motions to remand. Civil Action 18-cv-11534, Pl. Opp. and Renewed Motion [#27] [2]; Pl. Renewed Motion to Remand [#42]; Pl. Emergency Motion to Remand [#45].[3] The first of these raises the same argument regarding the dismissal of the RESPA claim and is denied for the same reason as the Revised and Renewed Motion [#16]. The remaining two are untimely, for any motion to remand on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal. 28 U.S.C. § 1447(c). Nor do these motions state grounds supporting remand. Plaintiff's Renewed Motion to Remand [#42] complains of alleged deception by Defendants' attorney, while Plaintiff's Emergency Motion to Remand [#45] complains that Defendant countered Plaintiff's efforts to extend a state court injunction by identifying the proceedings here. Neither of these arguments provide grounds for remand. Accordingly, these Motions for Remand are also DENIED.

Finally, the court considers Defendants' motion for consolidation under Federal Rule of Civil Procedure 42(a). The actions share the same parties and the RESPA claim and relate to the same residential mortgage loan. Def. Mem. [#6] at 5. The court finds that consolidation will avoid further duplicative actions and is warranted here.

Conclusion

For the foregoing reasons, in Civil Action 18-cv-11534, Plaintiff's Motion for Leave to Dismiss RESPA Claim, Count 6 [#14], Motion to Dismiss RESPA Claim, Count 6 [#15],

---

[2] Plaintiff filed his Opposition to Defendants' Motion to Consolidate and Renewed Motion [to] Remand in both actions. Civil Action 18-cv-11534, Pl. Opp. and Renewed Motion [#27]; Civil Action 18-cv-11873, Pl. Opp. and Renewed Motion [#7]. Since a case may be remanded to state court only when it was removed from state court, 28 U.S.C. § 1447, and the second action was filed directly in federal court, Plaintiff presumably was not seeking to remand the second action.

[3] Pl. Emergency Motion to Remand [#45] also sought a preliminary injunction. That portion of the motion is not addressed here and has been set for hearing.

Revised and Renewed Motion to Remand [#16], Pl. Opp. and Renewed Motion [27], Pl. Renewed Motion to Remand [#42], and Pl. Emergency Motion to Remand [#45] are DENIED. In Civil Action 18-cv-11873, Defendants' Motion to Consolidate [#6] is GRANTED. All further pleadings shall be filed on the docket of Civil Action 18-cv-11534 as the earlier filed docket.

    IT IS SO ORDERED.

Date: February 26, 2019

/s/ Indira Talwani
United States District Judge